```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| JORGE L. VAELLO CARMONA<br><br>**Plaintiff,**<br><br>    v.<br><br>DEFENDANT MEDICAL SOLUTIONS USA, INC.<br><br>**Defendant.** | CIVIL NO. 11-1637 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Plaintiff Jorge L. Vaello-Carmona filed this action in July 2011 but died the next month. He was survived by his wife, Leyda Jeannette Marquez-Navarro ("Marquez-Navarro"), and his children. On January 2012, Marquez-Navarro filed a motion under Fed. R. Civ. P. 25(a), seeking to substitute herself and the Estate of her deceased husband (collectively, the "Petitioners") in place of Plaintiff. (Docket No. 10). The Petitioners wish to continue Plaintiff's action brought pursuant to (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 (2009); (2) Puerto Rico Law 44, P.R. Laws Ann. tit. 1 § 501 (Supp. 2011) ("Law 44"); (3) Law 80, P.R. Laws Ann. tit. 29 § 185a (2009) ("Law 80"); and (4) Law 100, P.R. Laws Ann. tit. 29 § 146 (2009) ("Law 100").

In response, Siemens Medical Solutions USA, Inc. ("Defendant") filed an opposition to Petitioners' request, arguing that Plaintiff's claims did not survive his death. (Docket No. 12). For the reasons set forth below, the Court **DENIES** Petitioners' Motion to Substitute Plaintiff.

**Background**

Jorge L. Vaello-Carmona was an engineer that started working for Defendant on September of 1991. On January 7, 2008, Plaintiff was appointed to the position of Branch Manager at Siemens. Plaintiff's immediate supervisor was Charles Wood ("Wood"), Regional Vice President for Sales. During September of 2008, Plaintiff suffered a brain stroke. This required intensive medical treatment and significantly affected Plaintiff's speech and mobility.

Plaintiff had a meeting with Wood on September 30, 2009. During that meeting, Wood informed Plaintiff that he had been laid-off. On October 13, 2009, Plaintiff received a letter from Defendant confirming the dismissal. On March 24, 2010, Plaintiff was notified by Defendant that they were going to start recruiting for a "similar" position previously held by Plaintiff. On March 30, 2010, Plaintiff informed his employer that he could not accept the offer, because he was now totally disabled and receiving Social Security benefits.

Notwithstanding, on April 23, 2010, Plaintiff received a reemployment offer for the position of Branch Manager II.

Plaintiff filed the present complaint against Defendant on July 5, 2011. Plaintiff died on August 13, 2011, at the Ashford Presbyterian Hospital in San Juan, Puerto Rico. His widow Marquez-Navarro and his Estate[1] ask this Court to substitute them in Plaintiff's position in accordance with Rule 25(a).

## STANDARD OF LAW

Defendant argues that Petitioners' motion fails as a matter of law because Plaintiff's claims did not survive his death. Put differently, Defendant argues that the complaint fails to state a claim. Thus, the Court will evaluate Petitioners' motion, and Defendant's arguments in opposition, under Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion, the complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st

---

[1] Plaintiff's Estate is comprised by his daughter Nichole Jeannette Vaello-Marquez, his son Jorge Luis Vaello-Marquez and Plaintiff's widow in her usufruct quota as surviving spouse.

Cir. 2011), the First Circuit distilled from Twombly and Iqbal a two-pronged test designed to measure the sufficiency of a complaint. First, the reviewing court must identify and disregard "statements in the complaint that merely offer legal conclusions couched as fact, or threadbare recitals of the elements of a cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal punctuation omitted). In this analysis, the remaining non-conclusory factual allegations must be taken as true, even if they are "seemingly incredible," or that "actual proof of those facts is improbable." Id. Finally, the court assesses whether the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id. In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. Ocasio-Hernández, 640 F.3d at 12.

## Analysis

Defendant contends that Petitioner's motion to substitute should be denied. Defendant invokes 42 U.S.C. § 1988 (2000) ("§ 1988") for the proposition that, since there is no federal law regarding survival of claims, the Court must turn to state law in order to determine whether Plaintiff's claims survive his death. Defendant further contends that Robertson v. Wegmann, 436 U.S. 584 (1978), supports the use of state case law in the

situation at hand. Turning to state law, Defendant posits that Plaintiff's claims arising under Puerto Rico Laws 44, Law 80 and Law 100 stem from a "very personal" set of rights, and as such, do not survive his death. Petitioners agree with Defendant in that state law should be used in order to determine the survivorship of Plaintiff's claims. However, they differ in the interpretation of Puerto Rico's case law and assert that it allows the survivorship of Plaintiff's claims.

Plaintiff's claims arise under both federal and state law, and the question before the Court is whether Plaintiff's claims survive his death. For reasons made clear below, the Court will start its survivorship analysis with Plaintiff's claims under state law.

I. Law 100

In Sucesion Alvarez v. Secretario de Justicia, 150 P.R. Dec. 252 (2000), the Puerto Rico Supreme Court ("PRSC") set forth the general standard for survivorship of claims under Puerto Rico law:

> "[T]here are transmissible by inheritance, among others: the patrimonial rights; […]; obligations, except those of a very personal nature or when the same involve a non-expendable consideration; funeral property; **the right of the deceased to obtain indemnification for the damages that were caused to him during his life …**. [T]here are not transmissible by inheritance: the juridical relations of a public nature; those that are very

>           personal and those of a patrimonial contents that
>           are for life; real rights that are for life; some
>           rights to credit … ."

See <u>Sucesion Alvarez v. Secretario de Justicia</u>, 150 P.R. Dec. 252, 267-68 (2000)(our emphasis); <u>see</u> Docket No. 12-2. Taken at face value, <u>Sucesion Alvarez</u> would seem to approve of the transmissibility of plaintiff's claims in this case. However, under Puerto Rico law, certain rights belong exclusively to a single person and do not survive his or her death; these are called "very personal" rights. <u>See</u> <u>Viuda de Delgado v. Boston Ins. Co.</u>, 1 P.R. Offic. Trans. 823 (1973).

   Law 100 is a state statute that prohibits discrimination in employment. In <u>Santini Rivera v. Serv. Air, Inc.</u>, 1994 P.R. Eng. 909,527, the PRSC held that the right to claim under Law 100 was a "very personal right" that does not survive the death of the claimant. The PRSC found that the statute's legislative history revealed an intent by the legislature to confer those rights solely upon employees that had suffered discrimination. Further, the PRSC found a notable absence of any cause of action under Law 100 for the employee's relatives. Because of this, the employee's relatives could not claim damages under Law 100, but rather had to seek them under Puerto Rico's general tort statute. <u>Id.</u>

In another occasion, the PRSC held that the right to claim damages under Law 100 remained a "very personal" right until a final and binding judgment had issued:

> "[E]ven though there is a conjugal amount in the lump sum granted as compensation pursuant to [Law] 100, the cause of action continues to be very personal while there is no final and binding judgment that disposes of the action. **That is, filing the complaint for employment discrimination, litigating the case, appealing it or settling it are all actions derived from a prerogative that pertains solely and exclusively to the affected employee.**"

See Cruz Roche v. De Colón, 182 P.R. Dec. 313, 324-25 (2011) (emphasis added); see Docket No. 12-3.

Here, Plaintiff died without a final and binding judgment in place. Consequently, this Court is forced to conclude that his claims under Law 100 were completely extinguished with Plaintiff's death. Accordingly, the request for substitution for claims under Law 100 is hereby DENIED.

II. Law 44

Federal courts sitting in diversity cases must apply state substantive law. Though the present case arises under federal law, Petitioner's motion to substitute requires the Court to assess whether Plaintiff's state and federal[2] claims survive under the lens of state substantive law. Here, the question of whether claims under Law 44 survive presents an issue of first

---

[2] This matter is addressed further below, in the section titled "Americans with Disabilities Act."

impression at both the state and federal levels. Thus, the Court must make its best effort to predict how the PRSC would decide this matter. See Commissioner of Internal Revenue v. Bosch, 387 U.S. 456, 465 (1967). Fortunately, the parallels between Law 100 and Law 44 provide a strong foothold for our decision.

"The legislative history of [Law] 100 shows that its main objective was to protect employees in the private sector from all types of discrimination..." See Rodriguez Cruz v. Padilla Ayala, 125 P.R. Dec. 486, 508 (1990); Santini Rivera v. Serv. Air, Inc., 1994 P.R. Eng. 909,527, *1 (1994). The PRSC made a similar observation with respect to Law 44, finding that it protects employees against employment discrimination based on physical or mental limitations. See Rios v. Cidra Mfg. Oper. Of P.R., Inc., 145 P.R. Dec. 746, 749 (1998); Guardiola Alvarez v. Departamento de la Familia, 175 P.R. Dec. 668, 683 (2009). This is plainly evident from the statute itself. See P.R. Laws Ann. tit. 1 § 511 (2009). Clearly, the intention of the Puerto Rican Legislative Assembly ("PRLA") with Law 100 and Law 44 was the same: to protect *employees* against discrimination.

Moreover, Law 44 was vested with substantially similar procedures and remedies as those available under Law 100. See P.R. Laws Ann. tit. 1 § 511; see also Rivera Flores v. Cia ABC, 138 P.R. Dec. 1, 5 (1995). And like Law 100, nowhere does Law 44 provide relief to the employee's relatives. Consequently, the

only noticeable difference between Laws 100 and 44 is that the latter is more specific as to which employees it protects; this distinction bears no relevance to our analysis.

Were the PRSC to address this issue, it would likely find as it did with Law 100: claims brought under Law 44 are "very personal" and do not survive a claimant's death. Accordingly, this Court holds that like his claim under Law 100, Plaintiff's cause of action under Law 44 did not survive his death. Consequently, the request for substitution in the supplemental claims under Law 44 is also DENIED.

III. Americans with Disabilities Act

It has long been established that when there is a cause of action that arises from federal law, the Court must turn to federal law and not to state law to address the issue. See Carlson v. Green, 446 U.S. 14, 23 (1980) (citing Burks v. Lasker, 441 U.S. 471, 476 (1979)). Here, however, the situation is different because "[t]he ADA and its legislative history are silent as to the survival of a private claim." See 1 Henry H. Perritt, JR., Americans with Disabilities Act Handbook § 9.04 (4th ed. 2002). Given the absence of statutory guidance from the ADA, the Court must determine whether federal or state law

furnishes the rule of decision on this matter. 42 U.S.C. § 1988(a)[3] provides such guidance:

> "[Section 1988] recognizes that in certain areas federal law is unsuited or insufficient to furnish suitable remedies; federal law simply does not cover every issue that may arise in the context of a federal civil rights action. When federal law is thus deficient, § 1988 instructs us to turn to the common law, as modified and changed by the constitution and statutes of the forum State, as long as these are not inconsistent with the Constitution and laws of the United States."

See Robertson v. Wegmann, 436 U.S. 584, 588 (1978) (internal citations omitted).

However, § 1988 only applies to causes of action arising under Titles 13, 24 & 70 of the Revised Statutes. An example of

---

[3] This statute provides in full:
> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of **titles 13, 24, and 70 of the Revised Statutes** for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; **but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law,** the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

a § 1988-compliant claim is one based on 42 U.S.C. § 1983 (1996), which corresponds to Title 24 of the Revised Statutes.[4] See e.g. Robertson v. Wegmann, 436 U.S. 584, 588 (1978).

Originally, the ADA was not contained within any of the applicable Revised Statutes. The remedies and procedures that Title I of the ADA conferred were contained in section 706(g) of the Civil Rights Act of 1964. 42 U.S.C. § 2000e, § 706(g) (1964). In 1991, Congress amended the Civil Rights Act as well as the Revised Statutes. Pursuant to the amendment, Congress inserted § 1977A directly in the Revised Statutes, codified to 42 U.S.C. § 1981(a)(2) ("§ 1977A"), providing the opportunity to claim compensatory and punitive damages under Title I of the ADA. See Kettner v. Compass Group USA, Inc., 570 F. Supp. 2d 1121, 1127-28 (D.Minn. 2008) (describing the correspondence between the civil rights statutes and the Revised Statutes). In

---

[4] There has been some confusion about whether, and how, § 1988 applies to the ADA. Some courts have held that the ADA is not contemplated within § 1988. See Kettner v. Compass Group USA, Inc., 570 F.Supp.2d 1121 (D.Minn. 2008); Hanson v. Atl. Research Corp., No. 4:02CV00301 SMR, 2003 WL 430484 (E.D. Ark. Feb. 14, 2003). Others simply assume the opposite without much discussion. See Cardella v. CVS Caremark Corp., No. 308-CV-1656-M, 2010 WL 1141393 (N.D. Tex. Mar. 25, 2010); Rosenblum v. Colorado Dept. of Health, 878 F. Supp. 1404 (D.Colo. 1994). Here, the Court puts this confusion to rest and finds that § 1988 clearly applies to the ADA, because the remedies provided by the ADA are explicitly contained in Title 24 of the Revised Statutes.

Case 3:11-cv-01637-JAG-MEL   Document 22   Filed 07/09/12   Page 12 of 14
**Civil No.** 11-1637                                                    12

other words, Congress placed the damages-recovery section of the ADA squarely within Title 24 of the Revised Statutes.

The Court understands that with the insertion of § 1977A in Title 24 of the Revised Statutes, Congress' goal was that § 1988 apply to the ADA, at least with respect to the compensatory and punitive damages contemplated by the inserted section. Given that § 1988 applies, the Court will employ state law in order to determine whether Plaintiff's claim for damages pursuant to the ADA survived his death.

As discussed above, under Puerto Rico's survivorship law, a damages claim generally survives a party's death. See Sucesion Alvarez v. Secretario de Justicia, 150 P.R. Dec. 252 (2000); see Docket No. 12-2. However, where there is a special law regarding a certain matter, that law supplants general law as the rule of decision. See P.R. Laws Ann. tit. 31 § 12 (1930); Rosa Resto v. Rodriguez Solis, 111 P.R. Dec. 89, 94 (1981).

The First Circuit has stated that Law 44 is "the Puerto Rico analogue to the ADA." See Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 87 (1st Cir. 2008). Given that this Court determined that the claims arising under Law 44 did not survive Plaintiff's death, by analogy, neither did the claims brought pursuant to Title I of the ADA. The Supreme Court and the First Circuit have endorsed this technique to determine the correct statute-of-limitations applicable to § 1983 cases.

See <u>Owens v. Okure</u>, 488 U.S. 235, 239 (1989); <u>see</u> <u>also</u> <u>Rodriguez Narvaez v. Nazario</u>, 895 F.2d 38, 42 (1st Cir. 1990). Accordingly, the request for substitution in in Plaintiff's claims under Title I of the ADA is hereby DENIED.

IV.  <u>Supplemental Jurisdiction</u>

"As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." <u>See</u> <u>Rodriguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995) (citing <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966); <u>see</u> <u>also</u> <u>Martinez v. Colón</u>, 54 F.3d 980, 990 (1st Cir. 1995) (affirming the dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed"). A ruling on Plaintiff's claim under Law 80 is unnecessary to reach the holding disposing of the only federal claim in this case. As such, the Court will dismiss Plaintiff's claim under Law 80 without prejudice.

## Conclusion

We found above that Plaintiff's claims under the ADA as well as those under Puerto Rico Laws 44 and 100 did not survive his death. These claims shall be dismissed **with prejudice**. Since

no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's claim under Law 80, and dismisses it **without prejudice.**

Petitioners' request for substitution, (Docket No. 10), is hereby **DENIED**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of July, 2012.

S/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge